## *Superior Court of Grand Rapids—In Chancery.*

### FREDERICK VOLKHART vs. ALICE VOLKHART.

*Divorce—Residence of Parties—Information and Belief.*

Where the Court's jurisdiction depends upon the residence of parties, a decree granted when the bill is silent as to residence, and defendant fails to appear, is not void, when it appears by defendant's petition to vacate the decree, that the residence in fact was such as the law required.

An affidavit on information and belief, (as to the non-residence of a defendant), which contains references to the *sources* of information, is sufficient.

In this cause the bill was filed January 25, 1881. Decree of divorce was granted September 14, 1881, on *pro confesso,* after publication of order for defendant's appearance, which order was made on the basis of an affidavit in which defendant's non-residence was alleged on affiant's information and belief, but he named in his affidavit the sources of his information.

On March 13, 1882, complainant married.

Defendant petitioned the Court to vacate and set aside the decree on the following grounds:

1st. The bill does not state the residence of either of the parties to be in the city of Grand Rapids.

2d. That the affidavit for publication was on information and belief. The affidavit stated the sources of information.

The Court, PARRISH J.: Held that the decree was not void on account of the omission in the bill to state the residence, the petitioner having shown in her petition that she was at the time the bill was filed, and had been ever since, a resident of Grand Rapids.

McCormick vs. Sullivant, 10 Wheat., 192.

Kennedy vs. The Bank of Georgia, 8 How., 611, 612.*

An affidavit for publication, in cases of absent and concealed defendants, on information and belief, giving the *source* of information, is sufficient.

Pettiford vs. Zoellner, 45 Mich., 358.

It appeared that the defendant knew of the decree soon after it was rendered, and knew of the marriage of complainant. Yet she delayed the application to be heard in the case until more than six months after the marriage of the complainant, and more than a year after decree.

Application denied.

*C. C. Howell* for Petitioner.

*Turner* and *Carroll* for Complainant.

---

## Superior Court of Detroit.

---

*"The proceedings are not void for want of an allegation of citizenship of the stockholders of the Bank. They were erroneous, but the amendment in this regard before final decree cured the error."— 8 How., 612.